IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

_____
)
**MOHABAT KHAN,** )
Guantánamo Bay Naval Station, )
Guantánamo Bay, Cuba ) CIVIL ACTION
       Petitioner )
)
    v. )
) No: 05-cv-01010
**GEORGE W. BUSH** )
    President of the United States )
    The White House ) JUDGE RICHARD J. LEON
    1600 Pennsylvania Avenue, N.W. )
    Washington, D.C. 20500; )
)
**DONALD RUMSFELD** )
    Secretary, United States )
    Department of Defense )
    1000 Defense Pentagon )
    Washington, D.C. 20301; )
)
**ARMY COL. BRICE GYURISKO** )
    Army Col. Commander, Joint Detention )
    Operations Group, JTF-GTMO; and )
)
**ARMY BRIG. GEN. JAY HOOD** )
    Commander, Joint Task Force - GTMO )
)
       Respondents. )
_____)

**MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR PRESERVATION ORDER**

      Petitioner Mohabat Khan ("Petitioner") by and through counsel, requests this Court to order the Respondents to preserve and maintain all evidence, documents, and information regarding the Petitioner now being held in military custody at the United States Naval Station at Guantanamo Bay, Cuba ("Guantanamo"), as well as all evidence, documents and information relating to any other detainees related to or involved in Petitioner's case.

In ten other Guantánamo Bay detainee cases in this judicial district, four judges issued orders of preservation.  See Al-Adahi v. Bush, No. 05-280 (GK) (Apr. 28, 2005); Al-Marri v. Bush, No. 04-2035 (GK) (Mar. 7, 2005); Ahmed v. Bush, No. 05-1678 (GK) (Nov. 16, 2005); Abdah v. Bush, No.04-1254 (HHK) (June 10, 2005); Al-Shihry v. Bush, No. 05-0490 (PLF) (Mar. 25, 2005); Anam v. Bush, No. 04-1194 (HHK) (June 10, 2005); Slahi v. Bush, No. 05-881 (RWR) (July 18, 2005), Chaman v. Bush, No. 05-887 (RWR), Abdulzaher v. Bush, No. 05-1236 (RWR), and Mohammadi v. Bush, No. 05-1246 (RWR).  In five other cases, two judges in this judicial district deemed a motion for preservation moot because the very preservation order sought by the petitioners had already been issued against the same respondents, and thus the respondents were already under a pre-existing duty to preserve the same information.  See Al-Anazi v. Bush, No. 05-0345 (JDB) (Oct. 28, 2005); Khadr v. Bush, No. 04-1136 (JDB) (Oct. 27, 2005); El-Banna v. Bush, No. 04-1144 (RWR) (July 18, 2005), Abdullah v. Bush, No. 05-0023 (RWR) (July 18, 2005), and Al Rashaidan v. Bush, No. 05-0586 (RWR) (July 18, 2005).

Thus, in each detainee case in which a motion for preservation order has been filed-- whether the motion was granted or the court found that prior orders issued against Respondents applied-- the end result has been the same: Respondents have been required to preserve and maintain all evidence relating to the respective petitioners and all information regarding the torture, mistreatment, and abuse of detainees in Guantanamo.  Despite the possible application of other orders to the Respondents, Petitioner, in an abundance of caution, submits this motion and memorandum in support of preserving all evidence relating to Petitioner and other detainees related to or involved in Petitioner's case.

Petitioner requests that the Preservation Order specifically prevent Respondents (or any agent of Respondents) from destroying any document, or information relating to Petitioner's claims.  The Government should be required to preserve them pending a resolution of this matter.

A party seeking a preservation order ordinarily must demonstrate that the order is both necessary and not unduly burdensome.  Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (2004).  Here, a preservation order is necessary because Petitioner's claims cannot be adjudicated without such evidence.  Given that information provided by other detainees is often used to determine enemy combatant status, it is critical that this Court also require Respondents to preserve all evidence, documents, and information regarding all other detainees who are related to or have contributed to Petitioner's case in any way.  Indeed, most of not all of the documents relevant to the adjudication of Petitioner's claims are in the sole custody and control of the Respondents.

Judge Kennedy, in Anam v. Bush, No. 04-1194 (June 10, 2005), stated that "a preservation order in *habeas* proceedings, particularly in proceedings... where there has been no full disclosure of the facts on the public record to authorize the challenged detention, is necessary to ensure the fairness and completeness of any evidentiary hearing held in conjunction with... [the *habeas*] proceedings."  Like the situation in Abdah v. Bush, No. 04-1254 (June 10, 2005), where Judge Kennedy issued a protective order because of the need "to preserve the *status quo* pending resolution of appeals," a preservation order is necessary here as well.

There is a credible threat of loss or destruction of evidence relating to the treatment of persons being held in United States military facilities on suspicion of being enemy combatants.  Specifically, a heavily redacted Federal Bureau of Investigations email-- released pursuant to a Freedom of Information Act lawsuit filed by the American Civil Liberties Union-- reports that certain individuals had engaged in a "cover-up" of abuse of civilian prisoners in Iraq by their interrogators.  See Exhibit A.  More fundamentally, the military's own investigation of detainee abuse in Afghanistan was allegedly hindered because, among other things, "documents disappeared, and at least a few pieces of evidence were mishandled."  Tim Golden, *"Army Faltered in Investigating Detainee Abuse, "* The New York Times, May 22, 2005, at A1;

attached as Exhibit B.  Although this did not occur at Guantanamo Naval Base, the personnel responsible for the evidence of abuse were accountable to Respondents.

Because Respondents are already subject to the preservation orders entered in other similar cases cited above, the issuance of a preservation order in this case would create no additional burden.  In fact, as observed by another Court in this District in Al-Marri v. Bush, No. 04-2035 (GK) (March 7, 2005), because the "Respondents represent that the information at issue will not be destroyed... entering a preservation order will inflict no harm or prejudice upon them."  Based on this same reasoning, in Abdah v. Bush, No. 04-1254 (HHK) (June 10, 2005), Judge Kennedy found that a preservation order would not impose any harm or prejudice upon the Respondents.  Thus, the preservation order is both necessary and not unduly burdensome.

A request for document preservation does not require the same rigors of the four-prong analysis ordinarily employed in issuing injunctions.  Anam v. Bush, No. 04-1194 (HHK) (June 10, 2005); Pueblo, 60 Fed. Cl. at 138, n. 8.  In Abdah v. Bush, No. 04-1254 (June 10, 2005), Judge Kennedy stated that "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery."  Id. (quoting Pueblo, 60 Fed. Cl. at 138, n. 8).  Similarly, another case in this District found that the party seeking a similar preservation order need not meet the standard for a preliminary injunction.[1]  To consider whether a petitioner would be successful on the merits of its case in deciding whether to protect records from destruction has been described as an "approach [that] would... put the cart before the horse."  Pueblo, 60 Fed. Cl. at 138, n. 8.

---

[1] While two orders have questioned what standard should be applied for motions to preserve evidence in detainee cases, see Al-Anazi v. Bush, No. 05-0345 (JDB) (October 28, 2005) and Battayav v. Bush, No. 05-0714 (RBW) (May 5, 2005), another order stated that the distinction between the potentially applicable standard "may be one without a practical difference."  See July 18, 2005 Order in El-Banna v. Bush, No. 04-1144 (RWR) and Abdullah v. Bush, No. 05-0023 (RWR).

     Petitioner's counsel conferred with Respondents' counsel regarding this Motion for Preservation Order, and Respondents' counsel indicated that they would not consent at this time and oppose any such order.

Dated:  December 5, 2005.

                                        Respectfully submitted,

                                        /s/ Shereen Joy Charlick
                                        /s/ Stephen D. Demik
                                        Shereen Joy Charlick (Cal Bar No. 147533)
                                        Stephen D. Demik (Cal. Bar No. 221167)
                                        Federal Defenders of San Diego, Inc.
                                        225 Broadway, Suite 900
                                        San Diego, California 92101-5008
                                        Telephone: (619) 234-8467


                                        Counsel for Petitioner

## CERTIFICATE OF SERVICE

I, Marie Acuna, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons, by first-class United States mail, in addition to the service that automatically occurs by virtue of my electronic filing of this document:

>The Honorable Alberto Gonzales
>United States Attorney General
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Washington, D.C.  20530-0001

>The Honorable Kenneth L. Wainstein
>United States Attorney for the District of Columbia
>555 4th Street, N.W.
>Washington, D.C.  20530

>Terry Marcus Henry, Esq., Senior Trial Attorney
>U.S. Department of Justice
>P.O. Box 883
>20 Massachusetts Ave., NW, Suite 7144
>Washington, DC 20044

This 5th day of December, 2005.

                                        /s/ Marie Acuna
                                        Marie Acuna