IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**MOHABAT KHAN,**                  )   Civil Case No. 05-CV-01010 (RJL)
Guantánamo Bay Naval Station,      )
Guantánamo Bay, Cuba               )
                                   )
         Petitioner                )
                                   )
      v.                           )
                                   )
**GEORGE W. BUSH**                 )
    President of the United States )
    The White House                )
    1600 Pennsylvania Avenue, N.W. )
    Washington, D.C. 20500;        )
                                   )
**DONALD RUMSFELD**                )
    Secretary, United States       )
    Department of Defense          )
    1000 Defense Pentagon          )
    Washington, D.C. 20301;        )
                                   )
**ARMY BRIG. GEN. JAY HOOD**       )
    Commander, Joint Task Force - GTMO )
    APO AE 09360; and              )
                                   )
**ARMY COL. MIKE BUMGARNER**       )
    Commander, Joint Detention     )
    Operations Group - JTF-GTMO    )
    APO AE 09360,                  )
                                   )
         Respondents               )
_____)

**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO HIS MOTION FOR WRIT OF HABEAS CORPUS OR, IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE**

Petitioner, by and through undersigned counsel, and files this reply in support of his motion requesting this Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243 ("section 2243"), to be returned in three days. Mr. Khan ("Petitioner") also seeks the

alternative relief of the issuance of an order to show cause why a writ of habeas corpus should not be granted, to be returned within a reasonable period of time. It is the latter request that is addressed in the instant reply.

## I.

## PROCEDURAL BACKGROUND

On May 19, 2005, Petitioner Khan filed a *pro se* Petition for Writ of Habeas Corpus. On June 3, 2005, Respondents moved to stay proceedings pending related appeals and coordination. On July 27, 2005, this Court granted the government's motion for a stay, and entered an order to that effect. On October 14, 2005, Chief Judge Hogan entered an order appointing Federal Defender offices to various cases. Federal Defenders of San Diego, Inc. were appointed to represent Mr. Khan. On November 29, 2005, undersigned counsel filed notices of appearance on behalf of Mr. Khan. On December 5, 2005, Petitioner filed a motion seeking an order requiring Respondents to provide him, through counsel, with 30 days advance notice of Respondents' intended removal of Petitioners from the Guantánamo Bay Naval Base in Cuba to a jurisdiction outside the United States ("notice motion"), which Respondents opposed on December 12, 2005. On December 12, 2005, undersigned counsel filed an Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief on Petitioner's behalf. On December 12, 2005 undersigned counsel also filed a motion to Preserve Evidence. On January 3, 2006, Petitioner, through undersigned counsel, filed a motion for and Order to Show Cause or, in the alternative, an Immediate Issuance of a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243. Finally, on January 19, 2006, Respondents filed an opposition to the instant motion.

## II.

## OVERVIEW

Respondents claim that this Court's order staying the proceedings should be interpreted to extend so far as to deprive Petitioner of any right to a factual return. Petitioner disagrees, and argues that the stay order should not be interpreted so broadly, especially in light of the

questionable legal authority cited by Respondents' in support of their argument and the fact Respondents' initial motion for a stay was grounded, in large part, in its concerns regarding Petitioner's lack of counsel, a situation that no longer obtains. Consequently, Petitioner requests that this Court join the several other judges in the district who have ordered factual returns despite stays in the proceedings.

This Court should grant Petitioner's motion, and at require Respondents to file a factual return.

### III.

### ARGUMENT AND CITATION OF AUTHORITIES

A.  **The Stay Should Not Be Interpreted to Deprive Petitioner of a Factual Return.**

Section 2243 mandates that "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In particular, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* The time limitations set forth in section 2243 have plainly been exceeded, and Respondents do not claim otherwise.

Instead, they claim that this Court's stay, entered October 24, 2005, indefinitely deprives Petitioner of any right to a factual return under section 2243. *See* Respondents' Opposition to Petitioner's Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 Or, Alternatively, to Issue an Order to Show Cause ("Opp.") at 2-4. There is no reason to read the stay so broadly, nor is there any basis to conclude that "it makes no sense" for Petitioner's counsel to learn the purported basis, if any, for Petitioner's detention.

Respondents rely upon Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to argue that "a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243." *See* Opp. at 3. Fair enough, but

Respondents' reading of the stay is not that it extends a deadline, but rather that it has indefinitely stayed the necessity to set such a deadline. The language of Rule 4 does not explicitly authorize an indefinite stay of the obligation to file a factual return, nor does commentary to the Rule seem to contemplate such a stay. In fact, one Circuit has specifically noted that it "has never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000). None of the cases cited by Respondents, *see Opp.* at 2-3, approve of the sort of "indefinite, potentially lengthy stay in a habeas case" condemned in *Yong*. *See, e.g., Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (appeal from district court's ruling allowing a late response to be filed rather than entering a default judgment); *Castillo v. Pratt*, 162 F. Supp.2d 575, 577 (N.D. Tex. 2001) (denying Petitioner's motion to expedite); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (rejecting challenge to an extension of time in which to file a response). Broadly interpreting the Court's stay order to preclude, for an indefinite period of time, even an order requiring a factual return would thus raise significant issues with respect to the interpretation of section 2243 and Rule 4, issues that Respondents' cases do not address. An interpretation of the order in which the stay was granted that permits at least the filing of a factual return will honor the Supreme Court's recognition that section "2241 and its companion provisions [including section 2243] provide at least a skeletal outline of the procedures to be afforded a Petitioner in federal habeas review." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

      Petitioner understands that the D.C. Circuit is currently considering issues of common interest to the various Guantanamo cases. Even so, requiring a factual return will not adversely effect the government's ability to assert any rights that it may have should it prevail on any of those issues. In short, an order requiring a factual return would represent the middle ground, avoiding a lengthy, open-ended stay but not altering the status quo. Thus, Respondents' assertion that "it would be inappropriate for the Court to order relief in the interim that might affect the Court of Appeals' exclusive jurisdiction," is vastly overstated: Respondents cannot articulate a

theory under which ordering a factual return could affect the "the Court of Appeals' [purported] exclusive jurisdiction." Opp. at 2.

Changed circumstances also support a more narrow reading of the Court's stay order. Respondents' moving papers, filed in support of its motion for a stay, were predicated, in large part, on the fact that Petitioner, and others similarly situated, were not represented by counsel. In fact, Respondents' captioned their pleading "In re Pro Se Guantanamo Bay Detainee Cases." *See* Respondents' Motion to Stay Proceedings Pending Related Appeals and For Coordination, Docket No. 05-CV-01010-RJL, No. 2. The pleading itself explicitly argued Petitioner's *pro se* status as a basis for the stay: "A coordinated stay, including a stay on any kind of return to the petition, would also be warranted to the extent it would be appropriate to attempt to find volunteer counsel for any of the *pro se* Petitioners who desire such counsel." Id. at 5-6. Petitioner is now represented by counsel. Thus, this basis for the stay no longer exists. This significant changed circumstance also weighs in favor of a more narrow reading of the stay order.[1]

**B.     Several Courts Have Ordered Factual Returns.**

Respondents note that some judges in the district, including this Court, have declined to require factual returns during the pendency of the stay. *See* Opp. at 5 n.4. Several other judges, however, have taken the opposite approach, demonstrating that the relief that Petitioner requests is not overly burdensome to Respondents.

Under similar situations in other Guantanamo detainee cases, nine Judges of this District have required Respondents to provide factual returns despite the issuance of stay orders in 26 cases. *See, e.g., Mamet v. Bush*, No. 05-1602 (Sept. 30, 2005); *Ameziane v. Bush*, No. 05-0392, 2005 U.S. DIST LEXIS 6560, *5 (D.D.C. Apr. 12, 2005); *M.C. v. Bush*, No. 05-0430 (Apr. 13,

---

[1] Respondents did not assert the stay in response to Petitioner's notice motion, filed December 5, 2005, an omission that suggests that Respondents also recognized the relationship between the initial stay order and Petitioner's former *pro se* status.

2005). In *Manet*, *Ameziane*, and *M.C.*, Judge Huvelle granted Respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns . . . within ninety days of the date of this Order." Similarly, on August 22, 2005, Judge Urbina granted Respondents' motion for a stay, yet ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected Respondents' arguments that a factual return was not necessary because of the pending appeals, and that requiring Respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns. On the contrary, the court determines that Petitioners' counsel should be able to review the returns now so that they can develop their case and   prepare for any consultation with their clients . . . Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

*Id.* at 3 (internal citations omitted).

A similar result has been ordered by seven other Judges in at least 22 other Guantanamo detainee cases. In *Al-Shabany v. Bush*, No. 05-2029 (Nov. 17, 2005), Judge Bates granted a stay, but ordered a factual return. In *Zaid v. Bush*, No. 05-1646 (Oct. 25, 2005) and *Al-Anazi v. Bush*, No. 05-345, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005), Judge Bates also granted Respondents a stay, but ordered a factual return, finding it "necessary" because "even initial conversations by counsel with their clients may be very difficult without access to the basic factual information." Two weeks ago, in *Sadkhan v. Bush*, No. 05-1487 (Nov. 4, 2005), Judge Collyer granted respondents' motion for a stay pending related appeals, but ordered respondents to submit factual returns no later than January 3, 2006. In *Mokit v. Bush*, No. 05-621 (June 16, 2005) and *Al-Wazan v. Bush*, No. 05-0329 (June 14, 2005), Judge Friedman granted stays, but ordered factual returns. In *Al-Mohammed v. Bush*, No. 05-00247 (Apr. 30, 2005), Judge Kennedy granted a stay, but ordered factual returns, holding that counsel for Petitioners "must have access to them in

order to develop a meaningful understanding" of the basic facts and to "prepare for consultation with their clients." In *Al-Adahi v. Bush*, No. 05-280 (Apr. 29, 2005); *Al Joudi v. Bush*, No. 05-301 (Apr. 29, 2005) and *Alhami v. Bush*, 05-359 (June 9, 2005), Judge Kessler ordered factual returns despite granting Respondents' motion for a stay, "to ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules." In *Ahmed v. Bush*, No. 05-665, 2005 U.S. DIST. LEXIS 14024, *5 (D.D.C. July 8, 2005), *Adem v. Bush*, No. 05-634 (June 6, 2005), *Al Daini v. Bush*, No. 05-634 (June 6, 2005), and *El-Banna v. Bush*, No. 05-114, *Abdullah v. Bush* No. 05-23, and *Al Rashaidan v. Bush*, No. 05-586 (Apr. 8, 2005), Judge Richard Roberts granted Respondents' motions for stay but ordered factual returns within 30 days after entry of the relevant protective order. In *Slahi v. Bush*, No. 05-881 and *Chaman v. Bush*, 05-887 (June 16, 2005), Judge Richard Roberts also granted stays, but ordered factual returns by July 15, 2005. In *Battayav v. Bush* No. 05-0714 (May 18, 2005), Judge Walton granted a stay, but ordered factual returns, rejecting Respondents' arguments that factual returns during the pendency of the relevant appeals was "extremely burdensome" and made "no sense." In *Bin-Amir v. Bush*, No. 05-1724 (Oct. 5, 2005), *Al-Hela v. Bush*, No. 05-1048 (June 9, 2005) and *Qayed v. Bush*, No. 05-0454 (Apr. 19, 2005), Judge Urbina also granted Respondents a stay, but ordered factual returns.

C.  **Petitioner Cannot Receive Adequate Assistance of Counsel if Counsel is Unaware of the Basis for His Detention.**

Finally, Respondents assert that because counsel cannot share classified information with Petitioner, "there is no reason why counsel need access to a factual return at this time." *See* Opp. at 5. This incorrect; there are several important reasons why counsel need a factual return in order effectively to represent Petitioner. Indeed, several judges in the district have recognized these reasons in the orders detailed in section B above. Moreover, even if counsel cannot share the information with Petitioner, counsel may still, consistent with any protective order, employ that information in the legal and factual analysis of Petitioner's case. Certainly, Petitioner's

counsel would be in a far better position to assert Petitioner's interests and to ensure expeditious resolution of Petitioner's claims, once the substantive issues are resolved, if Petitioner's counsel was not fully ignorant of the facts of Petitioner's case.

Respondents' dire warnings of a "cascade effect" should Petitioner be granted a factual return is another overstatement.  *See* Opp. at 6.  In section B above, Petitioner has detailed several cases in which returns were granted.  If there was a "cascade effect" resulting from any of those orders, Respondents surely would have brought that to the Court's attention.

## III.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant his motion, and order Respondents to file a factual return within a reasonable period of time.

Dated:  February 6, 2006.                                       Respectfully submitted,

/s/ Shereen Charlick
/s/ Stephen Demik
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone:  (619) 234-8467

Counsel for Petitioner