IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHABAT KHAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GEORGE W. BUSH,<br>　　President of the United States,<br>　　*et al.,*<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-1010 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION SEEKING ENTRY OF THE PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioner's motion seeking entry of the protective order in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.[1]  Indeed, our understanding is that it is the

---

[1]  On January 27, 2006, the D.C. Circuit issued a revised supplemental briefing schedule, with an initial brief by respondents due on February 17, 2006, an opposition by petitioners due on March 10, 2006, and respondents' reply due on March 17, 2006.  Oral argument is scheduled for March 22, 2006.

sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[2]  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioner's request for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

In addition, petitioner possesses no separate right of access to counsel that warrants the application of the protective order to this action notwithstanding the Act's withdrawal of the Court's jurisdiction over this case.  See Pet's Mot. at 5-7.  In Rasul v. Bush, 542 U.S. 466 (2004), the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act — and did not address whether these detainees have any substantive rights, including the right to counsel.  See id. at 484.  Similarly, in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the

---

[2] In this vein, two other Judges of the Court have recently entered orders in each of the Guantanamo detainee habeas cases pending before them denying without prejudice all previously pending motions and staying "all action" in the cases "pending the jurisdictional ruling of the District of Columbia Circuit."  See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.

habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8. Thus, contrary to petitioner's suggestion, notwithstanding the Act's withdrawal of jurisdiction over this case, neither Rasul nor Al Odah compels the relief requested by petitioner.

Further, to the extent petitioner rests his request for relief on a constitutional due process right, see Pet's Mot. at 7, it is unclear whether petitioner — an alien enemy combatant detained outside the sovereign territory of the United States during a time of war — has any cognizable Fifth Amendment rights. See Hamdan v. Rumsfeld, 415 F.3d 33, 37 (D.C. Cir. 2005) (stating that "there is doubt" whether aliens detained at Guantanamo can assert constitutional claims"); Khalid v. Bush, 355 F. Supp. 2d 311, 321-23 (D.D.C. 2005) (Leon, J.) (holding that aliens held at Guantanamo are not possessed of any constitutional rights).[3] In any event, regardless of the appointment of counsel to represent petitioner in this case, the Act has withdrawn the Court's jurisdiction to hear or consider petitioner's habeas claims. Thus, the entry of the protective order or the issuance of any relief in this case would be improper.

Finally, counsel argue that the Court should enter the protective order in this case so as to purportedly enable counsel to comply with their own professional obligations under the ABA Model Rules. See Pet's Mot. at 8. Even if counsel's professional obligations to their clients

---

[3] The Khalid case and Judge Green's decision in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 464-78 (D.D.C. 2005), which concluded that Guantanamo detainees possess procedural due process rights to challenge the procedures used to confirm their status as enemy combatants, are on appeal to the D.C. Circuit and are under consideration on a consolidated basis. See Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005); No. 05-5064 (D.C. Cir. Mar. 10, 2005). Accordingly, the D.C. Circuit will decide whether and to what extent detainees at Guantanamo have any due process rights under the United States Constitution.

were an appropriate factor for the Court to consider in determining whether to enter the protective order in this action, it is of no consequence here given the Act's withdrawal of the Court's jurisdiction over this case, which prohibits the Court from granting any relief in this proceeding.

    For these reasons, respondents oppose petitioner's motion seeking entry of the protective order in this case.

Dated: March 9, 2006                        Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents