# IN THE UNITED STATES DISTRICT

# COURT FOR THE DISTRICT OF COLUMBIA

_____
)
**MOHABAT KHAN,**                                    )
Guantánamo Bay Naval Station,                        )
Guantánamo Bay, Cuba                                 )
                                                     )
Petitioner,                                          )
                                                     )
v.                                                   )
                                                     ) Civil Case No. **05-CV-01010 (RJL)**
**GEORGE W. BUSH**                                   )
President of the United States                       )
The White House                                      )   JUDGE RICHARD J. LEON
1600 Pennsylvania Avenue, N.W.                       )
Washington, D.C. 20500;                              )
                                                     )
**DONALD RUMSFELD**                                  )
Secretary, United States                             )
Department of Defense                                )
1000 Defense Pentagon                                )   REPLY TO GOVERNMENT'S
Washington, D.C. 20301;                              )   OPPOSITION TO MOTION SEEKING
                                                     )   ENTRY OF PROTECTIVE ORDER
                                                     )   AND REQUEST FOR STATUS
**ARMY BRIG. GEN. JAY HOOD**                         )   CONFERENCE
Commander, Joint Task Force - GTMO                   )
JTF-GTMO                                             )
APO AE 09360; and                                    )
                                                     )
**ARMY COL. MIKE BUMGARNER**                         )
Commander, Joint Detention                           )
Operations Group, JTF - GTMO                         )
JTF-GTMO                                             )
APO AE 09360                                         )
Respondents.                                         )
_____)

## REPLY TO PETITIONER'S MOTION SEEKING ENTRY OF PROTECTIVE ORDER

Petitioner Mohabat Khan, through undersigned counsel, respectfully files this reply

1

addressing issues raised by the Respondent in its Opposition filed on March 9, 2006.

Mr. Khan filed a motion seeking entry of the protective order so that undersigned counsel can advise him. He noted that this Court's failure to enter the protective order in his case appeared to be an inadvertent omission from its order staying this matter pending the appellate court's resolution of issues pending in *Khalid, et. al. v. Bush*, No. 04-CV-1142 (RJL) and *Boumediene v. Bush*, No. 04-CV-1166 (RJL). *See* Attachment A to original motion (order staying this case). Mr. Khan submitted that the Court's omission in this particular case created an inconsistency with the entry of the order in identically-situated cases. He also stated that because entry of the protective order is the only means by which counsel can actually *counsel* Mr. Khan, failure to enter it was inconsistent with the order appointing counsel in this case and inconsistent with the government's earlier position taken in its motion for a stay of all action in this case.[1] Mr. Khan also noted that there were no substantive reasons why all access to his court-appointed counsel should be blocked where one of the main reasons for counsel to meet with Mr. Khan would be to explain the pending petition for relief, the stay of the proceedings, the state of the law, and the ultimate potential disposition of Mr. Khan's case.

In its opposition, the Respondent Government does not address the merits of Mr. Khan's motion nor does it deny that this Court has entered the very same protective order as part of its motion staying other identical cases brought on behalf of Guantanamo detainees. Neither does Respondent Government address the inconsistencies created by the entry of the protective order in other identical cases, thus allowing those individuals to be advised by counsel, while

---

[1] As noted in the original motion, the government sought a stay in order to obtain volunteer counsel. *See* Khan motion at 2-3.

undersigned is denied access to Mr. Khan.  Finally, the government never denies that failure to

enter the protective order in this case appears to be a simple mistake.  The Respondent

Government merely cites to the new law passed after Mr. Khan had already filed his habeas

petition in this case and urges the Court that if the new law applies in the manner sought by the

Respondent, the Court may be divested of jurisdiction in the future.

   Mr. Khan maintains that, in keeping with the spirit of 18 U.S.C. § 3006, under which

undersigned counsel was appointed, in keeping with the laws in existence when Mr. Khan was

originally detained at Guantanamo and when he filed his original habeas corpus petition,

including the protections of the great writ of habeas corpus and the suspension clause, the

prohibition against ex post facto violations as well as the presumption against retroactive

application of new law to disrupt settled expectations, the protective order should be entered and

undersigned counsel should be allowed to meet with and visit Mr. Khan and advise him

regarding what is happening with his present petition.

## II.

### THE DTA MAY NEVER DIVEST THIS COURT OF JURISDICTION, THUS, COUNSEL SHOULD BE ALLOWED TO MEET WITH AND ADVISE MR. KHAN

   The Respondent Government recites that because (in its view), the Detainee Treatment

Act of 2005 ("DTA") "vests 'exclusive' jurisdiction in the D.C.Circuit . . .  it would be

inappropriate for the Court to order relief in the interim [pending the D.C. Circuit's

determination whether or not the DTA will be applied retroactively to suspend the writ of habeas

corpus under these circumstances] that might infringe upon the Court of Appeal's exclusive

jurisdiction."  Respondent's Memorandum in Opposition to Petitioner's Motion Seeking Entry of

the Protective Order ("RMO") at 2.  Respondent Government cites one case in support of this proposition: *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984).  It does not indicate how allowing undersigned to simply meet and confer with Mr. Khan "might infringe upon the Court of Appeal's exclusive jurisdiction."  *See generally* RMO at 2-3.

    First, its position that the DTA will eliminate Mr. Khan's rights under 28 U.S.C. § 2241 is not without significant constitutional obstacles to overcome including: (1) the express provisions guaranteeing the protections of the great writ in the Constitution itself, *see* U.S. Const. Art. I § 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it"); (2) the express constitutional provisions prohibiting ex post facto laws, *see id.* ("No Bill of Attainder or ex post facto Law shall be passed"); *see also Lynce v. Mathis,* 519 U.S. 433, 441 (1997) ("To fall within the *ex post facto* prohibition, a law must be retrospective-that is, it must apply to events occurring before its enactment-and it must disadvantage the offender affected by it . . . .") (internal quotations and citation omitted); *Weaver v. Graham,* 450 U.S. 24, 29 (1981) ("[A] law need not impair a 'vested right' to violate the *ex post facto* prohibition."); and (3) the presumption against retroactive application of new laws -- especially in the absence of a crystal clear directive that the new law applies to every presently pending habeas petition. *See INS v. St. Cyr*, 533 U.S. 289, 316-17 (2001) ("Courts do not permit retroactive application of new directives absent an explicit retroactive directive. In order to be considered an explicit retroactive directive, the language [of a

4

statute, regulation or rule] "must be so clear that it could sustain only one interpretation").[2]

The government must succeed on all these fronts in order to strip habeas corpus jurisdiction from this Court. Whether or not they will ultimately do so may not be finally and conclusively decided in short order. At the very least, Mr. Khan should have some access to the "guiding hand of counsel," *see Gideon v. Wainwright*, 372 U.S. 335. 341 (1963) in a proceeding where this Court has already decided that appointment of counsel was appropriate.

The government cannot explain why Mr. Khan cannot meet with his attorneys while other identically-situated individuals can. Indeed, the protective order has been entered in at least as many as six other cases **post enactment of the DTA**.[3] The government does not contest that this Court entered the protective order in the case of Mr. Al-Bihani, No. 05-CV 1312 and the same counsel represent Mr. Al-Bihani.[4] Surely, it makes no sense that Mr. Al-Bihani can be visited and advised by counsel while Mr. Khan cannot. Indeed, it makes the most economic sense to the taxpaying public to send the assigned counsel all at once to visit all their clients instead of having them visit Mr. Al-Bihani once at Guantanamo and then visit Mr. Khan subsequently when they are ultimately permitted to do so.

The case cited by the government, *Telecommunications Research and Action Center*, for

---

[2] The DTA by no means contains such an unequivocal expression of intent to apply its habeas jurisdiction-stripping provisions to all pending habeas petitions. *See* DTA of 2005 §1005(h)(1) ("IN GENERAL -This section shall take effect on the date of the enactment of the Act."). This actually favors a prospective as opposed to a retroactive application of the DTA.

[3] Those cases are: *Thabid v. Bush*, No. 05-CV2398; *Razakah v. Bush*, No. 05-CV 2370 ; *Wahab v. Bush*, no. 05-886; *Mohammed v. Bush*, No. 05-CV-879; *Bostan v. Bush*, No. 05-CV-883 and *Khiali-Gul v. Bush*, No. 05-CV-877.

[4] The documents supporting these facts are attached to the original motion seeking entry of the protective order.

the proposition that the Court should refrain from exercising jurisdiction in order to not

compromise future jurisdiction in another court, is entirely inapplicable.[5]  It involves the

question of the applicability of district court's mandamus authority to compel an agency to act

when exclusive jurisdiction to review agency actions was vested (prior to any case being filed) in

the D.C. Circuit.  There, the party sought to compel the district court to accord it relief on the

merits when in fact the Court of Appeals was the proper court to accord such relief under the

already-enacted statute.  Here, the DTA of 2005 was not enacted when Mr. Khan first filed his

habeas petition and Mr. Khan, by way of this motion, is asking the Court to act in an extremely

discrete and limited fashion in affording his counsel the ability to meet and advise him.  The

Respondent Government states that "it is inappropriate for the Court to order relief in the interim

that might infringe upon the Court of Appeals' exclusive jurisdiction."  RMO at 2.  However, it

does not indicate how allowing counsel to simply meet and advise Mr. Khan could ever infringe

upon the D.C. Circuit's assumption of jurisdiction in this case under the DTA (assuming that

ever occurs).  Here, counsel was appointed by this Court under the auspices of 18 U.S.C. §

3006A, and  as noted in Mr. Khan's original motion and not contradicted by any authority set

forth in the RMO,[6] authorities provide that appointment of counsel, while not required under the

---

[5]  The case really does not stand for this broad proposition because there was no question in that case that, prior to any litigation by the parties, the applicable statute placed jurisdiction over agency actions exclusively within the Court of Appeals for the D.C. Circuit.  *See Telecommunications Research and Action Center*, 750 F.2d at 78-79.

[6]  Respondents cite *Rasul v. Bush*, 542 U.S. 466 (2004), RMO at 2, as some sort of support for the notion that Mr. Khan may have no due process rights ever.  *Rasul* did  not decide that question since the only issue presented there was the applicability of section 2241 to Mr. Rasul.  Actually, Mr. Khan reads *Rasul*'s "tea leaves" quite differently.  According to *Rasul*, Mr. Mr. Khan's petition which reflects "allegations - that, although [he has] engaged neither in combat nor in acts of terrorism against the United States, [he has] been held in Executive

6

Sixth Amendment, can be required under the Fifth Amendment's Due Process Clause when a

detainee's due process rights would be violated if he or she were to remain unrepresented.  *See*

*Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1970); *see also See Bounds v. Smith*, 430 U.S. 817,

822 (1977) (due process require prisoners which would include "detainees"[7] have "meaningful

access" to the court system).  Allowing counsel access cannot possibly "infringe" upon anything.

**II.**

**EVEN IF THE DTA APPLIED, THERE IS NO PROVISION DISALLOWING COUNSEL
TO ADVISE AND CONSULT WITH MR. KHAN**

While Mr. Khan disagrees with the government's representations regarding applicability

of the DTA, even if they could possibly overcome the obstacles set forth above, and the DTA of

2005 were deemed applicable to Mr. Khan, there is nothing in the DTA precluding appointment

of counsel to represent Mr. Khan in front of the D.C. Circuit.  *See generally* DTA of 2005.

Indeed, it would seem best (and most economical in light of the projected Criminal Justice Act

funds shortfall) for the D.C. Circuit to continue with the appointment of Federal Defender's

Office to represent individuals such as Mr. Khan.  Thus, even if the DTA were to apply, the

government would have to persuade the D.C. Court of Appeals that it would be better for

Afghani-native-non-English-speaking Mr. Khan to litigate the legal issues permitted under the

DTA (which he can neither read nor understand) *pro se* in the D.C. Court of Appeals.   In short,

---

Detention . . . without access to counsel and without being charged with any wrongdoing
unquestionably describe custody 'in violation of the Constitution or laws or treaties of the United
States.'"  *See Rasul v. United States*, 542 U.S. 466, 484 n.15 (2004).

[7] Logic dictates that "detainees" who have not been convicted of any offense should have
greater due process protections as typical habeas "prisoners" who have been convicted after
**public** trials.

there is nothing in the DTA that prohibits counsel from meeting and conferring with Mr. Khan

even if it were to apply to him (which he does not believe is the case).[8]

All Mr. Khan seeks is that this Court act in a limited fashion and enter the protective

order and Memorandum of Understanding, all of which are attached to his original motion, so

that undersigned counsel can visit and explain what is happening to him.  Undersigned counsel

are willing to undertake this responsibility and this Court, through Judge Hogan, already decided

that appointing the undersigned would best serve the interests of justice. Mr. Khan only asks that

our system of justice and its workings in his case be explained to him and that he be assisted in

this system by his appointed lawyers.

Respectfully submitted,

/s/ _____

**SHEREEN J. CHARLICK (CA147533)**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 685-3707

---

[8]  The government has a number of battles ahead of it on these issues -- why shouldn't Mr. Khan at least be advised that he has attorneys who are attempting to do battle for him?

8

## CERTIFICATE OF SERVICE

I, Shereen J. Charlick, hereby certify that I today caused a true and accurate copy of the

foregoing to be served upon the following persons, by first-class United States mail, in addition

to the service that automatically occurs by virtue of my electronic filing of this document:

The Honorable Alberto Gonzales
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

The Honorable Kenneth L. Wainstein
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Terry Marcus Henry, Esq., Senior Trial Attorney
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., NW, Suite 7144
Washington, DC 20044

March 13, 2006

/s/_____
SHEREEN J. CHARLICK
Counsel for Petitioner

C:\Documents and Settings\sjc\GITMO\Reply.Protective.Order.wpd