IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

_____
                                                )

**MOHABAT KHAN,**                          )
Guantánamo Bay Naval Station,         )
Guantánamo Bay, Cuba                )
                                                )
Petitioner,                                )
                                                )
v.                                         )
                                                )    Civil Case No. **05-CV-01010 (RJL**)
**GEORGE W. BUSH**                )    Judge Richard J. Leon
President of the United States,           )
*et al.*                                      )
                                                )
Respondents.                         )
                                                )
_____  )


**PETITIONER'S SUPPLEMENTAL MOTION SEEKING PRETRIAL CONFERENCE,
ENTRY OF THE PROTECTIVE ORDER, AND 30-DAY RENDITION NOTICE**

      Petitioner Mohabat Khan, through undersigned counsel, respectfully files this supplemental motion addressing issues raised by his previous motions and the respondents' motions in opposition. Mr. Khan also renews his request for a status conference in an effort to resolve some of the issues before the Court, most importantly counsel's access to Petitioner Mohabat Khan.

# I.

## **BACKGROUND**

On May 19, 2005 Mr. Khan filed a *pro se* petition for habeas corpus in this Court.[1] After the Respondents moved for a stay this Court issued an order staying the proceedings pending related appeals and for continued coordination on July 27, 2005. Almost three months later, on October 14, 2005, this Court issued an order appointing the San Diego Federal Defender Office to represent Mr. Khan. Notice of appearances were entered for both undersigned counsel on November 29, 2005. Since that date, counsel have filed (1) a Motion for an Order Requiring Respondents to Provide Counsel with Advance Notice of Any Removal from Guantanamo Bay Naval Base (December 5, 2005), (2) an Amended Motion for Writ of Habeas Corpus (December 12, 2005), (3) a Motion for Discovery and to Preserve Evidence (December 12, 2005), (4) a Motion for an Order to Show Cause (in the alternative) or Immediate Issuance of a Writ of Habeas Corpus (January 3, 2006), and finally (5) a Motion for Entry of the Amended Protective Order (February 21, 2006). Counsel have further filed replies to each of the Respondents' Motions in Opposition since their appointment.

To date, no substantive orders have been issued by this Court and Respondents have refused any access to Mr. Khan by his court-appointed counsel. This includes access via legal visits and legal correspondence. Despite Mr. Khan's letter to this Court approximately one year ago and this Court's subsequent appointment of undersigned counsel, Mr. Khan has not received one legal visit, one letter, or one phone call informing him that he has counsel. Similarly, Mr.

---

[1] Counsel believes that Mr. Khan has been imprisoned at Guantanamo since 2002, but without any discovery or contact with Mr. Khan, has no way of verifying this information.

Khan's counsel are unable to obtain any information concerning Mr. Khan outside of his language– Pashto.  Mr. Khan languishes in Guantanamo Bay Naval Base year after year without any indication of what is happening to his case, or any indication that he has a case at all.[2]

II.

### COUNSEL REQUEST ENTRY OF THE PROTECTIVE ORDER OR, IN THE ALTERNATIVE, A STATUS CONFERENCE TO ARGUE THE ENTRY OF THE PROTECTIVE ORDER

The Amended Protective Order has been entered in other similar Guantanamo detainee cases since the Detainee Treatment Act of 2005 ("DTA").  *See Awad v. Bush, et al.*, No. 05-CV-02379 (JR)(D.D.C. Apr. 11, 2006)(Minute Order)(motion to stay granted Jan. 11, 2006); *Ahmed v. Bush, et al.*, No. 05-CV-1234 (EGS)(D.D.C. March 21, 2006)(case stayed March 17, 2006); *Khiali-Gul v. Bush, et al.* No. 05-CV-0877(JR)(D.D.C. Jan. 1, 2006)(Minute Order)(case stayed Dec. 6, 2005).  In their papers, Respondents incorrectly assert that the DTA affects detainees' right to counsel.  The DTA says nothing about Guantanamo detainees access to counsel.  The Amended Protective Order does not have any "bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention.  *Adem v. Bush, et al.,* No. 05-0723, memo op. At 22 (D.D.C. March 14, 2006 (Kay, J.).  Indeed, as Judge Kay recognized:

> [T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court.  Moreover, it will undoubtedly take months for the

---

[2] Without entry of the Amended Protective Order, counsel is unable to correspond or visit with Mr. Khan at Guantanamo Bay, although counsel have been approved for the required security clearance necessary to visit him.  Further, counsel have located a Pashto interpreter with security clearance who has visited Guantanamo Bay Naval Base to interpret on several occasions.

> courts to grapple with the jurisdiction and retroactivity questions...
> *Forcing [Petitioner] to wait until all such proceedings and appeals are concluding before permitting him to speak with his lawyer renders his right to counsel meaningless.*

*Id.* at 22 n. 25 (emphasis added). Entry of the Protective Order, therefore, will not affect the Court's jurisdictional concerns and will merely allow Petitioner Khan to speak with his attorneys, a right he requested approximately one year ago, and a right currently afforded to many other detainees.

As the Respondents and this Court well know, undersigned counsel are prohibited from meeting Mr. Khan until the Protective Order is entered in his case. Counsel are also prohibited from sending or receiving legal mail from Mr. Khan and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship, as argued in Petitioner's Motion for Entry of the Protective Order.

Further, there is no prejudice to Respondents, nor have they demonstrated any, in allowing Mr. Khan access to his court-appointed counsel, and counsel will have obtained security clearances required for any visits and/or correspondence. "Considering the lack of any possible prejudice to the Government from allowing [Petitioner] to confirm his desire for representation in person rather than in writing, and weighing the importance of [Petitioner's] right to counsel, which he has been attempting to exercise for over a year," Mr. Khan continues to request entry of the Amended Protective Order in his case. *See Adem v. Bush, et al.*, No. 05-0723, memo. op. at 33.

Because other detainee Petitioners have enjoyed ongoing access to their counsel where the Amended Protective Orders have been entered, both before and after the DTA, it is clear that

the DTA has no bearing on Mr. Khan's access to counsel and there is no reason why Respondents should continue to deny him his court-sanctioned right to counsel. *See Al Odah, et al. v. United States*, 346 F. Supp. 2d 1 (D.D.C. 2004)(finding that detainees are entitled to meaningful access to counsel).

For the above reasons and those previously submitted in Petitioner's February 21, 2006 Motion for Entry of the Amended Protective Order, Mr. Khan requests a status conference before this Court to resolve these issues immediately. Counsel for Petitioner have attached an order for the status conference, at the Court's convenience.

### III.

### PETITIONER REQUESTS THIS COURT HOLD A STATUS CONFERENCE TO ADDRESS DISCOVERY, PRESERVATION OF EVIDENCE, GUANTANAMO ACCESS AND RENDITION ISSUES

Petitioner requests that the following subjects, without limitation, should be considered at a status conference:

(1) requested orders and issues regarding the preservation and production of discovery in this case;

(2) the requested order requiring Respondents to provide at least 30-day notice of any removal from Guantanamo Bay Naval Base or release, repatriation, or rendition of Mr. Khan to another country[3];

(3) the status of governmental security clearance for Petitioner counsel;

---

[3] Despite the stay in similar cases, orders requiring 30-day notice of any release, repatriation, or rendition of Petitioners have been issued in the District of Columbia. *See Gul v. Bush, et al.*, 05-CV-0888 (CKK) and *Shaaban v. Bush, et al.*, 05-0892(CKK).

(4) a deadline for the Respondents to file and serve the factual return from the Combatant Status Review Tribunal ("CSRT") in response to Mr. Khan's Petition for Writ of Habeas Corpus;

Pursuant to LCvR 7(m), on May 8, 2006 counsel for Mr. Khan, Stephen D. Demik, conferred with counsel for the Respondents, Andrew I. Warden, regarding this supplemental motion by telephone. On May 8, 2006 Mr. Warden indicated that Respondents would oppose this supplemental motion.

        Respectfully submitted,

/s/
**STEPHEN D. DEMIK**
Cal. State Bar No. 221167
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467

## CERTIFICATE OF SERVICE

I, Stephen D. Demik, hereby certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons by virtue of my electronic filing of this document:

The Honorable Alberto Gonzales
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

The Honorable Kenneth L. Wainstein
United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Terry Marcus Henry, Esq., Senior Trial Attorney
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., NW, Suite 7144
Washington, DC 20044


May 15, 2006

/s/_____
STEPHEN D. DEMIK
Counsel for Petitioner